**IN THE COURT OF APPEALS OF IOWA**
No. 16-1429
Filed November 9, 2016

**IN THE INTEREST OF A.E. and J.E.,**
**Minor Children,**

**S.E., Mother,**
    Appellant,

**J.E., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

A mother and father appeal separately from the order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, for appellant mother.

Matthew D. Hatch of Hatch Law Firm, P.C., Bettendorf, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Marsha J. Arnold, Davenport, attorney for minor children.

Patrick J. Kelly, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

A father and mother separately appeal the order terminating their parental rights. We find there is sufficient evidence to support the terminations of both parents' rights. We also find termination is in the best interests of the children. We affirm the juvenile court on both appeals.

## I. Background Facts and Proceedings

A.E. and J.E., born in 2012 and 2010, respectively, are children of mother S.E. and father J.E. The children and two half-siblings came to the attention of the Iowa Department of Human Services (DHS) in 2013 after J.E. and a half-brother were found outside, unsupervised. DHS had further concerns when the half-brother was injured by a spray can thrown by the father. Other evidence of domestic abuse was discovered, and an examination of the family's home revealed extremely unsanitary conditions. The parents have also struggled to consistently pay rent and utilities even though their income was adequate.

Services began but the parents were unable to provide sanitary living conditions and all four children were removed in September 2014. The two half-siblings of A.E. and J.E. were returned in December 2015. A.E. and J.E. were never returned to the home and have lived with two different foster families, although the parents have had regular visitation. Six weeks before the termination hearing the mother left the marital home and moved into a domestic violence shelter.

A termination hearing was held September 28, 2016. Testimony at the hearing showed the father was resistant to services, continued to have trouble adapting to and implementing parenting skills, and often refused to acknowledge

he had any deficiencies in parenting. The father testified he would struggle to care for both A.E. and J.E., as well as his other children, if they were returned to him.

Testimony also showed the shelter where the mother was staying would allow children, although it was unclear if there was space at the shelter for the children. The mother was working with the shelter to find permanent housing but had not done so at the time of the termination hearing. The DHS case manager also testified the mother "had mentioned that [the father] was trying to come up with a . . . lie to [DHS about] having her leave him, or vice versa, so that at least she could get the kids back," causing concerns about both parents' honesty with DHS and the state of their relationship.

The juvenile court entered an order on August 11, 2016, terminating the parents' parental rights pursuant to Iowa Code section 232.116(1)(d), (f), and (h) (2015). The mother and father appeal the termination of their parental rights separately.

## II. Standard of Review

The scope of review is de novo in termination cases. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We are not bound by the juvenile court's findings of fact, but we give them weight. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The paramount concern in termination

proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

Both the father and mother claim there was insufficient evidence to support the termination of their parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).

The parents' parental rights were terminated pursuant to 232.116(1)(f) and (h). The differences between (f) and (h) are simply the age of the children and the amount of time removal from the home is required, both of which have been fulfilled. Additionally, in order to terminate parental rights under these sections, the child must have been adjudicated in need of assistance, and cannot be returned to the home as provided in section 232.102.

The mother had been separated from the father for six weeks prior to the termination hearing. We find six weeks is not enough time to demonstrate her ability to provide a safe and nurturing home by herself. Additionally, the mother has returned to the father before and could do so again, exposing the children to more verbal, mental, and domestic abuse. We find this effort in the final hour is "inadequate to preclude termination of parental rights." *See, e.g.*, *In re A.D.*, No. 15-1508, 2016 WL 902953, at *2 (Iowa Ct. App. Mar. 9, 2016).

In addition, we also find the father's admission he would struggle "for months" if he had A.E., J.E., and their half-siblings all together, serves as strong

evidence that the children could not be returned to his care at the time of the termination hearing.

Finally, to return the children to the father's care either at the time of the termination hearing or if an additional six months were allowed would expose the children to an appreciable risk of adjudicatory harm. Therefore, we find the juvenile court properly terminated the mother's and father's parental rights under section 232.116(1)(f), (h).

## IV. Best Interests of the Children

Both the mother and father claim the termination is not in the best interests of the children. The mother contends termination is not in the best interests of the children as there is no permanent home ready for them. Testimony at trial showed DHS had not looked for an adoptive home, as it was hoped termination could be avoided. Additionally, the current foster care placement had been willing to adopt the children but due to recent health issues had become unable. The mother asks us not to leave the children "to wither while [DHS] decides whether it can find a safe and suitable home for [them]." The children, while suffering from behavioral issues, are young and DHS believes they are adoptable. If the children are "withering" it is only because their parents have been unwilling or unable to change themselves and their environments. Termination will allow the children to become stable and is in their best interests.

The father wishes to remind us raising children is an essential right the Supreme Court has called "far more precious than property rights." *Stanley v. Illinois*, 405 U.S. 645, 651 (1972). There is no doubt the Supreme Court is

correct in its holding. We wish to remind him the right he claims comes with the responsibility to care for his children and provide them with a safe, nurturing, and secure environment. These are responsibilities he has failed to fulfil.

He also reminds us there should be no "rush to legal action" in determining the status of his parental rights. These children have been waiting for their parents to provide them a safe and stable environment for more than two years. The juvenile court has been more than generous in allowing both the mother and father to address the issues in their home, and they have failed. We will not ask these children to wait any longer for a biological parent to become minimally acceptable. *See D.W.*, 791 N.W.2d at 707. We affirm the decision of the juvenile court.

## V. Exceptions

The juvenile court may decide not to terminate parental rights if any exception set out in Iowa Code section 232.116(3) is shown. "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011). The father urges us to find the close bond between him and the children should preclude termination. Iowa Code § 232.116(3)(c). DHS did state the children do have a strong bond to their parents, especially the mother. It is likely termination will cause some emotional stress, but increased stability and a chance to find a home that is equipped to parent will serve their best interests more than continuing uncertainty with their parents.

**AFFIRMED ON BOTH APPEALS.**